COTTRELL, ADMINISTRATRIX *v.* LORENZ.

[No. 15,730. Filed November 24, 1936.]

*William J. Reed,* for appellant.

*Lee L. Osborn, Kenneth D. Osborn* and *J. Allen Lampman,* for appellee.

DUDINE, J.—This is an appeal from a judgment for appellee, defendant, below, in an action by appellant for damages on account of the death of Arthur Cottrell (appellant's husband), alleged to have been caused by the negligence of appellee.

The evidence showed that Arthur Cottrell was walking on State Highway No. 29, about one mile north of Knox, Indiana, after dark, and was struck by an automobile being driven by appellee, immediately after appellee was blinded by the bright lights of another automobile approaching from the opposite direction.

The issues were formed by a complaint and an answer in general denial. The cause was tried by the court and jury, and the jury returned a verdict in favor of appellee.

This is an appeal from the judgment rendered on said verdict, the sole error relied upon for reversal being. alleged error in overruling appellant's motion for new trial.

Appellant's proposition one is in effect that the evidence shows *as a matter of law* that appellee's negli-

gence was the proximate cause of decedent's death; appellant's proposition two is in effect that the evidence shows *as a matter of law* that decedent was not guilty of contributory negligence.

All of appellant's other propositions relate to the giving or refusal to give certain instructions.

As her third proposition appellant contends, "The court erred in giving instruction number seven of its own motion, and in giving each of defendant's instructions number one to eighteen inclusive." In support of said contention appellant merely states three "reasons." No application of any of said "reasons" is made to any of said instructions. This is not a compliance with the provision of Clause Six, Rule 21 of this court, which requires assignments to be "separately considered by separately numbered propositions," and therefore the error, if any, will be deemed waived.

As a fourth proposition appellant complains of the giving of a certain instruction relating to the proximate cause of the accident, "for the reason that the question of whether or not the car approaching from the north as stated in the instruction was the proximate cause of the injury was a question of law for the court."

The evidence relating to that question was such that it would support a finding that said car *was* the proximate cause of the accident, and would support a finding that said car *was not* the proximate cause of it, therefore the question was one of fact, and appellant's said propositions numbered one, two, and four are not sustainable.

In none of appellant's other propositions does she give any reason why the giving or the refusal to give the respective instructions is erroneous, therefore the errors, if any, are deemed waived.

Although this court was not required to do so, we

have read and considered the evidence and the instructions given to the jury, and we are of the opinion that the verdict is sustained by the evidence, and that the jury was sufficiently and fairly instructed.

No reversible error having been shown, the judgment is affirmed.